**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| VINCENT CASTIGLIA, | ) | CASE NO. 5:25-cv-1406 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| ARROW EXPRESS PACKING AND SHIPPING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court are the motions to dismiss by defendants Arrow X Holding, LLC ("Arrow X") and Verity Van Lines, Inc. ("Verity"). (Doc. Nos. 4, 7 (Motions to Dismiss).) Also pending is the motion of Plaintiff Vincent Castiglia ("Castiglia") for leave to file an amended complaint. (Doc. No. 8 (Motion for Leave).) For the reasons set forth below, Arrow X's and Verity's motions to dismiss are GRANTED, and Castiglia's motion for leave to amend is GRANTED in part and DENIED in part.

**I.  BACKGROUND**

Castiglia is an artist and "collects various antiquities and oddities of significant value." (Doc. No. 8-1 (Proposed Amended Complaint) ¶¶ 9, 11.) In 2024, Castiglia moved from New York to Akron, Ohio. (*Id.* ¶ 7.) Castiglia hired defendant Arrow Express Packing and Shipping LLC ("Arrow Express" and, collectively with Arrow X, the "Arrow Defendants") to assist in the move, based partially on its representations that it provided "[f]ine [a]rt [s]hipping [s]ervices." (*Id.* ¶¶ 13–14.) In return for Arrow Express's moving services, Castiglia paid Arrow X, whom Castiglia

alleges is Arrow Express's holding company and "financial repository[.]" (*Id.* ¶¶ 15–16.) Arrow Express then engaged Verity to transport Castiglia's property to Ohio. (*Id.* ¶ 17.) Upon arrival in Ohio, Castiglia's property was "found to be in disrepair, having sustained significant damage from the time the items were packed to the time they arrived in Ohio." (*Id.* ¶ 20.)

Castiglia filed his complaint in state court on May 29, 2025 (Doc. No. 1-2 (Complaint), at 3[1]), asserting three causes of action against all defendants: breach of contract, unjust enrichment, and negligence (collectively, the "state law claims"). (*Id.* ¶¶ 25–36.) On July 8, 2025, Verity removed to federal court on the dual bases of federal-question and diversity jurisdiction. (Doc. No. 1 (Notice of Removal) ¶¶ 8, 15.) On July 9, 2025, Verity moved to dismiss the complaint, arguing that Castiglia's claims were preempted by the Carmack Amendment to the Interstate Transportation Act ("Carmack Amendment"), 49 U.S.C. § 14706, *et seq.*, and/or the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), 49 U.S.C. § 14501. (Doc. No. 4.) On August 4, 2025, Arrow X moved to dismiss the complaint, adopting the arguments in Verity's motion to dismiss and raising the existence of a forum selection clause contained in the relevant contract. (Doc. No. 7.) On August 25, 2025, Castiglia filed his motion for leave, seeking to add a new claim under the Carmack Amendment (Doc. No. 8), and an opposition to both motions to dismiss. (Doc. No. 9 (Castiglia's Opp.).) Verity and Arrow X filed memoranda in support of their motions to dismiss and opposing leave to amend. (Doc. No. 10 (Arrow X's Combined Reply and Opp.); Doc. No. 11 (Verity's Opp.); Doc. No. 12 (Verity's Reply).)

---

[1] All page number references to the record herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

## II.    STANDARD OF REVIEW

Rule 15(a) of the Federal Rules of Civil Procedure governs the amendment of pleadings. A party may amend their pleading as a matter of course "no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1).

If the time to amend as a matter of course expires, a party may still amend a pleading "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Leave to amend under Rule 15(a)(2) should be freely given "when justice so requires." *Id.* This is a liberal standard, but a court need not grant leave if amendment would be "futile." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citation omitted). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Id.* (citation omitted).

To withstand a Rule 12(b)(6) motion to dismiss, the proposed amended complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). While a court must construe a complaint in the light most favorable to the plaintiff and accept the truth of well-pleaded factual allegations, it should "not accept as true any conclusory legal allegations that do not include specific facts necessary to establish the cause of action." *Bickerstaff v. Lucarelli*, 830 F.3d 388, 396 (6th Cir. 2016) (citation and internal

quotation marks omitted). Put simply, "conclusory allegations without specific facts do not suffice." *Tchankpa v. Ascena Retail Grp., Inc.*, 951 F.3d 805, 817 (6th Cir. 2020) (citation omitted); *Twombly*, 550 U.S. at 555 ("[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" (internal citation omitted)).

### III.  DISCUSSION

As a preliminary matter, Castiglia cannot amend as a matter of course under Rule 15(a)(1). "[A] plaintiff's 21-day clock to amend without leave of court applies to the case as a whole, not to individual defendants, and it begins to run with the first responsive pleading or Rule 12 motion filed in the case." *See Doe v. Gupta*, No. 3:22-cv-1122, 2023 WL 6290625, at *2 (N.D. Ohio Sept. 27, 2023) (collecting cases) (emphasis in original). Here, the first Rule 12 motion was filed by Verity on July 9, 2025. (Doc. No. 4.) Castiglia's motion was not filed until August 25, 2025—47 days later. (Doc. No. 8.) Arrow X's later-filed Rule 12 motion did not restart Castiglia's clock under Rule 15(a)(1). *See Gupta*, 2023 WL 6290625, at *2 (rejecting argument that plaintiff's time to file under Rule 15(a)(1) restarted upon last defendant's filing of Rule 12 motion). Thus, in the absence of defendants' consent, Castiglia requires leave from the Court to amend his complaint.

#### A.  The State Law Claims Are Dismissed, and Leave to Replead the State Law Claims is Denied

Verity and Arrow X move to dismiss the state law claims, arguing, *inter alia*, that each claim is preempted by the Carmack Amendment (Doc. No. 4, at 10; Doc. No. 7, at 4–5.) Castiglia seeks to replead the state law claims. (Doc. No. 8-1 ¶¶ 25–36.) Verity and Arrow X oppose leave

on the same grounds upon which they base their motions to dismiss. (Doc. No. 10, at 1; Doc. No. 11, at 1–3.) The Court agrees with defendants.

It is well settled that the Carmack Amendment completely preempts a shipper's state common law and statutory causes of action. *See Adams Express Co. v. Croninger*, 226 U.S. 491, 505–06, 33 S. Ct. 148, 57 L. Ed. 314 (1913); *Automated Window Mach., Inc. v. McKay Ins. Agency, Inc.*, 320 F. Supp. 2d 619, 620 (N.D. Ohio 2004). Indeed, in *Adams Express*, the Supreme Court stated that, "[a]lmost every detail of the [shipper-interstate carrier relationship] is covered so completely that there can be no rational doubt but that Congress intended to take possession of the subject, and supersede all state regulation with reference to it." *Adams Express*, 226 U.S. at 505–06.

The Court in *Adams Express* thus held that claims arising out of loss or damage to property transported in interstate commerce are governed by the Carmack Amendment and that all state law claims arising out of the same are preempted. *See id.* The Carmack Amendment's broad preemptive effect extends to all state law claims arising from the interstate transportation and delivery of goods. *See Am. Synthetic Rubber Corp. v. Louisville & N.R. Co.*, 422 F.2d 462, 465 (6th Cir. 1970) (The Carmack Amendment is "comprehensive enough to embrace all damages resulting from any failure to discharge a carrier's duty with respect to any part of the transportation to the agreed destination." (quotation marks and citation omitted)); *Automated Window Mach., Inc.*, 320 F. Supp. 2d at 620 ("[S]tate law causes of actions against an interstate motor carrier for fraud, tort, intentional and negligent infliction of emotional stress, breach of contract, breach of implied warranty, breach of express warranty and state deceptive practices acts, etc. are preempted." (collecting cases)).

Here, Castiglia asserts three state law claims based on damage caused to his property while it was being shipped between states. Castiglia's allegations fall squarely within the Carmack Amendment's preemptive sweep. His state law claims for breach of contract, unjust enrichment, and negligence are resultantly subject to dismissal, and his attempt to replead these claims is futile. *See Renouf v. Aegis Relocation Co. Corp.*, 641 F. Supp. 3d 439, 447 (N.D. Ohio 2022) (dismissing state law claims as preempted by Carmack Amendment where claims, "whether based in contract or tort, [sought] damages flowing from the shipping agreement with [defendant]").

Arrow X's and Verity's motions to dismiss Castiglia's breach of contract, unjust enrichment, and negligence claims are GRANTED. Castiglia's motion for leave to file an amended complaint is DENIED to the extent Castiglia seeks to replead those same claims.

### B. Leave to Add a Claim under the Carmack Amendment against Verity is Granted

Castiglia next seeks to add a claim against Verity under the Carmack Amendment. (Doc. No. 8-1 ¶¶ 37–39.) Verity concedes that Castiglia's Carmack Amendment claim is adequately pleaded (Doc. No. 11, at 1), and it provides no further argument for denying Castiglia leave to add the claim. Thus, Castiglia's motion for leave to file an amended complaint is GRANTED to the extent Castiglia seeks to plead a claim under the Carmack Amendment against Verity.

### C. Leave to Add a Claim under the Carmack Amendment against the Arrow Defendants is Granted

Finally, Castiglia seeks to add a Carmack Amendment claim against the Arrow Defendants. (Doc. No. 8-1 ¶¶ 37–39.) Arrow X argues that all claims against the Arrow Defendants are futile (1) because a forum selection clause requires this suit be litigated in New York and (2) because of Castiglia's failure to attach the relevant contract to his complaint. (Doc. No. 10, at 1–2.) In support of its arguments, Arrow X provides a document titled "Arrow Express Shipping Agreement Terms

6

and Conditions" ("Terms and Conditions") and a declaration of Arrow X's owner stating, "Arrow X has its customers, such as Plaintiff Vincent Castiglia, agree to its Shipping Agreement Terms and Conditions[.]" (Doc. No. 7-1, at 1.) Castiglia argues that he did not assent to the Terms and Conditions. (Doc. No. 9, at 2–5.) At this point, the Court need not decide the issue of Castiglia's assent. Even assuming Castiglia agreed to the Terms and Conditions, the Carmack Amendment prohibits enforcement of the forum selection clause, and a claim under the Carmack Amendment does not require attachment of a contract.

*1. The Forum Selection Clause is Unenforceable under the Carmack Amendment*

The Carmack Amendment's special venue provision allows shippers to sue carriers in certain venues, including "a judicial district . . . through which the defendant carrier operates" and "the judicial district in which [the] loss or damage is alleged to have occurred." 49 U.S.C. § 14706(d). The special venue provision is subject to waiver only if such waiver meets the requirements of 49 U.S.C. § 14101(b)(1). *See e.g., Michigan Custom Mach., Inc. v. AIT Worldwide Logistics, Inc.*, 531 F. Supp. 3d 1208, 1213 (E.D. Mich. 2021) (applying § 14101(b)(1) waiver limitations to special venue provision); *Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1121 (9th Cir. 2011) (same). Section 14101(b)(1) permits contractual waiver of Carmack Amendment rights only if (1) the contract is not for the transportation of household goods, (2) the contract

contains an express waiver of rights under the Carmack Amendment, and (3) the rights being waived do not relate to "registration, insurance, or safety fitness." *See* 49 U.S.C. § 14101(b)(1).

While unclear, this case may involve the movement of household goods (as defendant Verity suggests in its notice of removal). (Doc. No. 1 ¶ 2.)[2] If it is established that this case involves the movement of household goods, the Carmack Amendment would prohibit the contractual waiver of its venue provisions, and the Arrow Defendants could not enforce the forum selection clause. 49 U.S.C. § 14101(b)(1) ("A carrier providing transportation or service . . . may enter into a contract with a shipper, *other than for the movement of household goods . . .*" (emphasis added)); *see also Scotlynn USA Div., Inc. v. Singh*, No. 2:15-cv-381, 2016 WL 8679295, at *2 (M.D. Fla. Sept. 9, 2016) ("Courts that have addressed venue in the context of *household goods* have determined that 'the Carmack Amendment essentially prohibits enforcement of forum[]selection clauses[.]'" (citation omitted) (emphasis in original)); *Smallwood*, 660 F.3d at 1121 (moving company considered "carrier of household goods and therefore prohibited from contracting around Carmack's conditions.").

Even if this case did not involve household goods, the forum selection clause does not contain the express waiver required by § 14101(b)(1). The forum selection clause states,

> Any legal action related to this Agreement must be filed in New York State Court, County of Nassau or the United States District Court for the Eastern District of New York. BY EXECUTING THIS AGREEMENT, CUSTOMER WAIVES ANY AND ALL RIGHTS TO LITIGATE ELSEWHERE.

(Doc. No. 7-1, at 7.) The forum selection clause does not explicitly reference the Carmack

---

[2] Arrow X also seems to read the proposed amended complaint to involve household goods. (Doc. No. 10, at 1 ("Plaintiff concedes that his claims arise from alleged damage to *household goods* transported from New York to Ohio." (citing Doc. No. 8-1 ¶ 20) (emphasis added)).)

8

Amendment or the waiver of rights thereunder. At best, the forum selection clause could be read as an *implicit* waiver of the Carmack Amendment's venue provisions. *See Michigan Custom Mach., Inc.*, 531 F. Supp. 3d at 1214 (holding that, while forum selection clause "expressly select[ed] a venue," the lack of explicit reference to Carmack Amendment rendered any waiver "implicit[.]").

"Although the Sixth Circuit has not addressed this question, other federal courts have rejected the idea that an implicit waiver satisfies the statute. These courts interpret the statute to mean what it says: to 'expressly waive' the Carmack Amendment, parties must expressly reference the Amendment in some way, by name, citation, or some other means." *Id.* (collecting cases). Here, the forum selection clause does not expressly reference the Carmack Amendment. Indeed, the Carmack Amendment is not referenced anywhere in the Terms and Conditions. The Terms and Conditions thus fail to expressly waive any rights or remedies under the Carmack Amendment, and the forum selection clause contained therein is unenforceable.

2. *Castiglia Need Not Attach a Contract*

To the extent Arrow X argues that Castiglia's Carmack Amendment claim requires him to attach a contract to his pleading (Doc. No. 10, at 2), Arrow X is incorrect. "[A] shipper must only prove three elements to establish a right to relief under the Carmack Amendment: (1) the goods were in good condition upon receipt by the carrier; (2) the goods were not delivered or arrived damaged; and (3) the amount of damages measured by 'actual loss.'" *Cirino v. Vintage Transp. Servs., LLC*, No. 1:08-cv-1214, 2008 WL 11381372, at *3 (N.D. Ohio July 29, 2008) (citing *Missouri Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138, 84 S. Ct. 1142, 12 L. Ed. 2d 194 (1964)). The shipper need not establish that a written contract was formed. *See CNA Ins. Co. v.*

*Hyundai Merch. Marine Co.*, 747 F.3d 339, 355 (6th Cir. 2014) ("Carmack's requirement that the initial carrier issue the shipper a bill of lading is not a requirement to form an actual contract[.]").[3] Thus, Castiglia's failure to attach a written contract to his complaint does not render his Carmack Amendment claim futile.

Arrow X's reliance on *GKP, LLC v. Wells Fargo & Co.*, No. 1:13-cv-1482, 2013 WL 5353799 (N.D. Ohio Sept. 24, 2013) is misplaced. There, the court dismissed plaintiff's claims for breach of contract, promissory estoppel, fraudulent misrepresentation, and intentional interference with contract due to the plaintiff's failure to allege the specific terms of the relevant contract or attach the contract to the complaint. *Id.* at *3. The decision in *GKP* does not address the elements of a Carmack Amendment claim. The case is thus inapplicable.

The Arrow Defendants provide no further argument for denying Castiglia leave to add a claim under the Carmack Amendment. Thus, Castiglia's motion for leave to file an amended complaint is GRANTED to the extent Castiglia seeks to plead a claim under the Carmack Amendment against the Arrow Defendants.

## IV.   CONCLUSION

Defendants Arrow X Holding LLC's and Verity Van Lines, Inc.'s motions to dismiss (Doc. Nos. 4, 7) are GRANTED. Plaintiff Vincent Castiglia's motion for leave to file an amended complaint (Doc. No. 8) is GRANTED in part and DENIED in part. The Court DENIES as futile Castiglia's request to replead his claims for breach of contract, unjust enrichment, and negligence

---

[3] The Sixth Circuit in *CNA Ins. Co.* addressed the elements of a Carmack Amendment claim brought under 49 U.S.C. § 11706, which provides for liability for rail carriers. However, the analysis is applicable in this case brought under 49 U.S.C. § 14706, which provides for liability for motor carriers, because §§ 11706 and 14706 are "virtually identical" in relevant respects. *CNA Ins. Co.*, 747 F.3d at 353.

against defendants, Arrow Express Packing and Shipping, LLC; Arrow X Holdings, LLC; and Verity Van Lines, Inc. The Court GRANTS Castiglia's motion to assert a claim under the Carmack Amendment against defendants, Arrow Express Packing and Shipping, LLC; Arrow X Holdings, LLC; and Verity Van Lines, Inc. Accordingly, within seven (7) days of the date of this Opinion and Order, Castiglia may file an amended complaint to assert a Carmack Amendment claim against defendants as that claim is proposed in the fourth cause of action in his proposed amended complaint attached to the motion for leave to amend the complaint. Failure of Castiglia to timely file an amended complaint consistent with this Opinion and Order will result in the case being dismissed and closed.

**IT IS SO ORDERED**.

Dated: November 3, 2025

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**