UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VINCENT CASTIGLIA, | ) | CASE NO. 5:25-cv-1406 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| ARROW EXPRESS PACKING AND SHIPPING, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is the motion to dismiss (Doc. No. 20 (Motion)) by defendant Arrow X Holding, LLC ("Arrow X") under Federal Rules of Civil Procedure 12(b)(2)[1] and 12(b)(6). Plaintiff Vincent Castiglia failed to respond to the motion. For the reasons stated below, the motion is **GRANTED**.

I.  BACKGROUND

Castiglia is an artist and "collects various antiquities and oddities of significant value." (Doc. No. 17 (Amended Complaint) ¶¶ 9, 11.) In 2024, Castiglia moved from New York to Akron, Ohio. (*Id.* ¶ 7.) Castiglia hired defendant Arrow Express Packing and Shipping LLC ("Arrow Express") to assist in the move, based partially on its representations that it provided "[f]ine [a]rt [s]hipping [s]ervices." (*Id.* ¶¶ 13–14.) In return for Arrow Express's moving services, Castiglia

---

[1] Arrow X invokes Rule 12(b)(1) in its motion. (Doc. No. 20, at 3.) But because Arrow X's motion focuses on personal—rather than subject matter—jurisdiction, the Court presumes Arrow X intended to invoke Rule 12(b)(2).

1

paid Arrow X, whom Castiglia alleges is Arrow Express's holding company and "financial repository[.]" (*Id.* ¶¶ 15–16.) Arrow Express then engaged defendant Verity Van Lines, Inc. ("Verity") to transport Castiglia's property to Ohio. (*Id.* ¶ 17.) Upon arrival in Ohio, Castiglia's property was "found to be in disrepair, having sustained significant damage from the time the items were packed to the time they arrived in Ohio." (*Id.* ¶ 20.)

Castiglia filed his complaint in state court on May 29, 2025 (Doc. No. 1-2 (Complaint), at 3[2]), asserting three causes of action against all defendants: breach of contract, unjust enrichment, and negligence. (*Id.* ¶¶ 25–36.) Verity removed to federal court on the dual bases of federal-question and diversity jurisdiction. (Doc. No. 1 (Notice of Removal) ¶¶ 8, 15.) On November 3, 2025, this Court granted Verity's and Arrow X's motions to dismiss on the grounds that Castiglia's claims were preempted by the Carmack Amendment to the Interstate Transportation Act ("Carmack Amendment"), 49 U.S.C. § 14706, *et seq*. (Doc. No. 16 (Memorandum Opinion and Order).) The Court granted Castiglia leave to amend his complaint to add a claim under the Carmack Amendment (*id.*) which Castiglia did shortly after. (Doc. No. 17.)

Now, Arrow X moves to dismiss the sole claim against it, arguing that this Court lacks personal jurisdiction over Arrow X and that Castiglia fails to state a claim. (Doc. No. 20.) At the December 11, 2025 case management conference, the Court "advised that [Castiglia's] response to [the motion] is due December 24, 2025[.]" (12/11/2025 Minutes of Proceedings.) Castiglia failed to file a response to the motion.

---

[2] All page number references to the record herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

## II.     STANDARD OF REVIEW

A Rule 12(b)(2) motion challenges the Court's exercise of personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). Federal courts may only exercise personal jurisdiction over a defendant if such exercise would comport with the law of the forum state and the United States Constitution. *See Conn v. Zakharov*, 667 F.3d 705, 711 (6th Cir. 2012) (citation omitted). There are two types of personal jurisdiction: specific and general. *Gerber v. Riordan*, 649 F.3d 514, 517 (6th Cir. 2011) (citation omitted). Specific jurisdiction is proper in Ohio if "(1) [Ohio's] long-arm statute [Ohio Rev. Code § 2307.382] confers jurisdiction and (2) jurisdiction is proper under the Federal Due Process Clause." *Conn*, 667 at 712 (citations omitted). General jurisdiction[3] is proper in Ohio where a defendant's contacts with the state "are so continuous and systematic as to render [them] essentially at home in [Ohio]." *Schneider v. Hardesty*, 669 F.3d 693, 701 (6th Cir. 2012) (citation omitted).

"The party seeking to assert personal jurisdiction bears the burden of demonstrating that such jurisdiction exists." *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (citation omitted). Faced with a properly supported Rule 12(b)(2) motion, "the plaintiff may not stand on his pleadings but must, by affidavit or otherwise, set forth specific facts showing that the court has jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991) (citation omitted).

---

[3] Ohio law historically does not recognize general jurisdiction. *See Conn*, 667 F.3d at 717 (citing *Goldstein v. Christiansen*, 638 N.E.2d 541, 545 & n.1 (Ohio 1994)). In 2021, however, Ohio amended its long arm statute to add, in relevant part, "a court may exercise personal jurisdiction over a person on any basis consistent with the Ohio Constitution and the United States Constitution" Ohio Rev. Code § 2307.382(C). With no guidance yet from the Ohio Supreme Court or the Sixth Circuit on the effect of the amendment, courts split on whether § 2307.382(C) recognizes general jurisdiction or extends specific jurisdiction to the bounds of the Constitution. *Bubba's Towing & Recovery, LLC v. Big Eagle Transp., Inc.*, No. 3:23-cv-2025, 2024 WL 2748472, at *2 (N.D. Ohio May 29, 2024) (collecting cases). The Court need not resolve the issue now. As discussed below, even assuming the amendment both extended specific jurisdiction to the bounds of the Constitution and recognized general jurisdiction, Castiglia would still fail to establish personal jurisdiction.

When the parties have not yet conducted jurisdictional discovery and the Court has not held an evidentiary hearing, "the plaintiff must make only a *prima facie* showing that personal jurisdiction exists[.]" *Id.* (citations omitted). In this procedural posture, "the pleadings and affidavits . . . are received in a light most favorable to the plaintiff[,] . . . [and] the court . . . does not weigh the controverting assertions of the party seeking dismissal." *Id* at 1459 (quotation marks and citation omitted). The Court may, however, consider the defendant's undisputed factual assertions. *Conn*, 667 F.3d at 711 (citing *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 153 (6th Cir. 1997); *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1261–62 (6th Cir. 1996)).

### III. DISCUSSION

At the outset, the Court notes that Castiglia failed to respond to the motion. This failure provides an independent basis for treating the motion as unopposed and granting it summarily without hearing. *See Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[I]f a plaintiff fails to respond or to otherwise oppose a defendant's motion, then the district court may deem the plaintiff to have waived opposition to the motion." (citation omitted)); Local Rule 7.1(g) (the Court "may rule on unopposed motions without hearing at any time after the time for filing an opposition has expired[.]"). Indeed, failure to respond almost necessarily means that Castiglia fails to meet his burden to set out a prima facie case for personal jurisdiction. *See Clarke v. Pollan*, No. 1:23-cv-1993, 2024 WL 2374196, at *4 (N.D. Ohio Jan. 4, 2024) ("Plaintiff's failure to file an opposition brief is fatal, because [t]he plaintiff has the burden of establishing a prima facie showing of personal jurisdiction over the defendant." (citation and quotation marks omitted) (alteration in original)). But even if the motion were opposed, the record before the Court does not set out a prima facie case for personal jurisdiction.

4

### A. Jurisdiction Under Ohio Rev. Code § 2307.382(A)

First, Castiglia fails to trigger any of the enumerated grounds for personal jurisdiction listed in Ohio Rev. Code § 2307.382(A).[4] As to Arrow X, Castiglia only alleges that Arrow X is a New York limited liability company (Doc. No. 17 ¶ 3), that it received payment from Castiglia (*id.* ¶ 15), and that it is a "holding company" and "financial repository" for Arrow Express—the company with whom Castiglia contracted. (*Id.* ¶¶ 13, 16.) On these facts, the only subsections of Ohio's long-arm statute that could conceivably apply are Ohio Rev. Code § 2307.382(A)(1–2). They provide that "[a] court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state[] [or] (2) Contracting to supply services or goods in this state[.]" Ohio Rev. Code § 2307.382(A)(1–2). Castiglia fails to support application of either subsection.

Turning first to § 2307.382(A)(1), "[t]ransacting . . . business" means "to prosecute negotiations; to carry on business; [or] to have dealings[.]" *Kroger Co. v. Malease Foods Corp.*,

---

[4] Ohio Rev. Code § 2307.382(A), provides,

> A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's: (1) Transacting any business in this state; (2) Contracting to supply services or goods in this state; (3) Causing tortious injury by an act or omission in this state; (4) Causing tortious injury in this state by an act or omission outside this state if the person regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; (5) Causing injury in this state to any person by breach of warranty expressly or impliedly made in the sale of goods outside this state when the person might reasonably have expected such person to use, consume, or be affected by the goods in this state, provided that the person also regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; (6) Causing tortious injury in this state to any person by an act outside this state committed with the purpose of injuring persons, when the person might reasonably have expected that some person would be injured thereby in this state; (7) Causing tortious injury to any person by a criminal act, any element of which takes place in this state, which the person commits or in the commission of which the person is guilty of complicity. (8) Having an interest in, using, or possessing real property in this state; (9) Contracting to insure any person, property, or risk located within this state at the time of contracting.

5

437 F.3d 506, 511 (6th Cir. 2006) (citation and emphasis omitted). Federal courts in Ohio look to two factors when assessing whether a defendant transacted business in Ohio: "(1) [whether] the defendant reached out to the plaintiff in the forum state to create a business relationship; and (2) whether the parties conducted their contract negotiations in the forum state or agreed on terms affecting the forum state." *Premier Prop. Sales Ltd. v. Gospel Ministries Int'l, Inc.*, 539 F. Supp. 3d 822, 828 (S.D. Ohio 2021) (collecting cases).

The facts alleged do not indicate that Arrow X transacted business in Ohio. First, the amended complaint indicates that Castiglia lived in New York (not Ohio) when he created the business relationship at the center of this case. (Doc. No. 17 ¶¶ 7, 13.) Next, it does not appear from the complaint that Arrow X or its alleged affiliate Arrow Express reached out to Castiglia to create the business relationship. (Doc. No. 17 ¶ 13 ("[Castiglia] contractually engaged Arrow Express[.]").) Finally, nothing indicates that the parties negotiated terms in Ohio or agreed to any terms that affect Ohio. On these facts, the Court cannot conclude that Arrow X transacted business in Ohio for purposes of Ohio's long-arm statute. *See Rosenberg v. ABF Freight Sys., Inc.*, No. 2:13-cv-651, 2014 WL 897906, at *5 (S.D. Ohio Mar. 6, 2014) (finding Ohio Rev. Code § 2307.382(A)(1) inapplicable where defendants did not initiate contract negotiations and contract negotiations occurred outside of Ohio), *report and recommendation adopted*, 2014 WL 1308805 (S.D. Ohio Mar. 31, 2014).

Turning next to § 2307.382(A)(2), there is no indication that Arrow X contracted to provide goods or services in Ohio. Castiglia does not allege that he directly contracted with Arrow X. Rather, Castiglia alleges that he contracted with Arrow Express (Doc. No. 17 ¶ 13), and that "Arrow X is the holding company for Arrow Express[.]" (*Id.* ¶ 16.) Arrow X's alleged role as

6

Arrow Express's holding company, without more, is insufficient to render Arrow X a party to the alleged contract. *See Kirtland v. U.S. Bancorp*, No. 1:07-cv-84, 2008 WL 4279885, at *5–*6 (N.D. Ohio Sept. 15, 2008) (holding parent-subsidiary relationship insufficient to bind parent to alleged contract of subsidiary). Accordingly, Castiglia fails to establish that Arrow X contracted to provide goods or services in Ohio for the purposes of Ohio's long-arm statute. *Cf. Franks v. Trent Performance, LLC*, No. 1:08-cv-650, 2008 WL 11381914, at *9 (N.D. Ohio July 7, 2008) (rejecting personal jurisdiction under § 2307.382(A)(2) where plaintiff failed to provide viable theory for binding defendant to contract executed by another). Castiglia fails to satisfy any of the bases for specific jurisdiction identified in Ohio Rev. Code § 2307.382(A).

### B. Due Process

Next, assuming that Ohio's long arm statute extends specific jurisdiction to the bounds of the Constitution, Castiglia fails to establish that the exercise of personal jurisdiction would be constitutionally permissible. Constitutional due process requires, *inter alia*, that the defendant purposefully availed itself of the privilege of acting in the forum state or causing a consequence in the forum state. *S. Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968).[5] Purposeful availment requires that the defendant acted or caused a consequence in the forum state such that it invoked the benefits and protections of the forum state's law. *See MAG IAS Holdings, Inc. v. Schmuckle*, 854 F.3d 894, 900 (6th Cir. 2017) (citation omitted).

Here, the amended complaint is devoid of facts indicating Arrow X acted or caused any consequence in Ohio. Castiglia does not allege any specific conduct by Arrow X. The only actions

---

[5] Courts utilize a three-part test in assessing due process in the context of personal jurisdiction. *S. Mach. Co.*, 401 F.2d at 381. Because Castiglia fails on the first part of the test—purposeful availment—the Court does not address the other parts of the test.

that Castiglia alleges are the actions of Arrow Express and Verity. (*See e.g.,* Doc. No. 17 ¶¶ 18–20.) But Castiglia provides no argument for attributing their actions to Arrow X. Accordingly, Castiglia fails to establish that Arrow X purposefully availed itself of the privilege of acting in or causing a consequence in Ohio. *See Peled v. Peled*, No. 2:23-cv-2224, 2025 WL 2711374, at *9 (S.D. Ohio Sept. 23, 2025) (finding no purposeful availment where "[p]laintiff has not identified any specific conduct by [defendant] that occurred in or was directed toward Ohio."). Castiglia fails to establish that the exercise of personal jurisdiction over Arrow X would comport with due process.

### C. General Jurisdiction

Finally, even if Ohio recognized general jurisdiction, Castiglia fails to satisfy its strictures. The "'paradigm' forums" that have general jurisdiction over a business entity are the business's place of organization and principal place of business. *See BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, 413, 137 S. Ct. 1549, 198 L. Ed. 2d 36 (2017) ("The 'paradigm' forums in which a corporate defendant is 'at home,' [for purposes of general jurisdiction,] . . . are the corporation's place of incorporation and its principal place of business." (citation omitted)); *Daimler AG v. Bauman*, 571 U.S. 117, 138–39, 134 S. Ct. 746, 187 L. Ed. 2d 624 (2014) (applying same rule in evaluating general jurisdiction over LLC). In "exceptional case[s][,]" general jurisdiction over a business may rest in another state if the business's operations in that state are "so substantial and of such a nature as to render the corporation at home in that [s]tate." *BNSF Ry. Co.*, 581 U.S. at 413 (citation omitted).

Here, Castiglia fails to establish general jurisdiction in Ohio. First, Ohio is not Arrow X's "paradigm forum" because it is organized under the laws of New York (Doc. No. 17 ¶ 3), and

8

nothing indicates that it maintains any place of business in Ohio. Second, this is not an "exceptional case" in which Ohio has general jurisdiction over a foreign business entity. Far from the requisite substantial operations, Castiglia fails to allege that Arrow has conducted any business at all in Ohio apart from its alleged affiliate, Arrow Express, shipping Castiglia's belongings. This is simply insufficient to establish general jurisdiction. *See The Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, No. 2:13-cv-861, 2014 WL 12572863, at *7 (S.D. Ohio Apr. 18, 2014) (holding single agreement insufficient to establish general jurisdiction without accompanying evidence of more substantial activity in forum state).

Ultimately, Castiglia fails to put forth any viable theory for exercising personal jurisdiction over Arrow X. Castiglia's claim against Arrow X must be dismissed. Because the Court dismisses the claim against Arrow X on personal jurisdiction grounds, the Court does not address Arrow X's alternative argument under Fed. R. Civ. P. 12(b)(6) that Castiglia fails to state a claim against it. (Doc. No. 20, at 8–12.)[6]

---

[6] While the Court does not address Arrow X's argument under Rule 12(b)(6), the Court notes that Arrow X appears to take a position inconsistent with its prior motion to dismiss. (Doc. No. 7 (Prior Motion).) In the prior motion, Arrow X argued that all state law claims against it were preempted because it was covered by the Carmack Amendment. (*Id.* at 4–5.) But now, Arrow X argues that it is not covered by the Carmack Amendment because it is a broker. (Doc. No. 20, at 3, 8–10.) If Arrow X were truly a broker, the state law claims against it would not have been preempted. *See Heliene, Inc. v. Total Quality Logistics, LLC*, No. 1:18-cv-799, 2019 WL 4737753, at *2 (S.D. Ohio Sept. 27, 2019) ("[C]ourts in this Circuit have concluded that, while the Carmack Amendment preempts state law claims against carriers, the Carmack Amendment does not preempt state law claims against brokers." (collecting cases) (emphasis in original)). As such, to the extent that the Court's prior Memorandum Opinion and Order (Doc. No. 16) dismissed Castiglia's state law claims against Arrow X on the grounds that they were preempted by the Carmack Amendment, that portion of the order is vacated. Instead, Castiglia's claims against Arrow X are dismissed only on the grounds of lack of personal jurisdiction as set forth herein.

## IV. CONCLUSION

Defendant Arrow X Holding LLC's motion to dismiss (Doc. No. 20) is **GRANTED**. Defendant Arrow X Holding LLC is **DISMISSED, WITHOUT PREJUDICE**.

**IT IS SO ORDERED**.

Dated: February 23, 2026

**HONORABLE SARA LIOI
CHIEF JUDGE
UNITED STATES DISTRICT COURT**