**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| VINCENT CASTIGLIA,<br><br>Plaintiff,<br><br>vs.<br><br>ARROW EXPRESS PACKING AND SHIPPING LLC, *et al.*,<br><br>Defendants. | ) | CASE NO. 5:25-cv-1406<br><br>CHIEF JUDGE SARA LIOI<br><br>**MEMORANDUM OPINION AND ORDER** |

Before the Court is the motion for summary judgment (Doc. No. 28 (Motion)) by defendant Verity Van Lines, Inc. ("Verity"). Resolution of the motion is simple. Plaintiff Vincent Castiglia failed to respond to the motion, waiving any opposition thereto. And, even if he had opposed the motion, Castiglia's failure to respond to any of Verity's requests for admission (Doc. No. 28-2 (Schepler Decl.) ¶¶ 2–3, 5, 7) results in binding admissions of fact that, as discussed below, foreclose any chance of recovery against Verity as a matter of law. Accordingly, Verity's motion (Doc. No. 28) is GRANTED.

## I. BACKGROUND

Castiglia is an artist and "collects various antiquities and oddities of significant value." (Doc. No. 17 (Amended Complaint) ¶¶ 9, 11.) In 2024, Castiglia decided to move from New York to Akron, Ohio. (*Id.* ¶ 7.) He hired defendant Arrow Express Packing and Shipping LLC ("Arrow Express") to assist in the move. (*Id.* ¶ 13.)

Arrow Express then contracted Verity to transport Castiglia's property to Ohio. (*Id.* ¶ 17;

Doc. No. 28-4 (Maffucci Decl.) ¶ 3.) While Arrow Express packaged, crated, and palletized Castiglia's belongings (Doc. No. 28-4 ¶¶ 3, 7–8; Doc. No. 28-3, at 7), Verity was contracted solely to transport Castiglia's already-packaged belongings. (Doc. No. 28-4 ¶ 3.) Verity took no part in packing the property. (Doc. No. 28-4 ¶¶ 3, 7–8; Doc. No. 28-3, at 4–5, 7–8, 10.)

When Verity arrived to pick up Castiglia's property, Verity personnel noticed that many belongings had been improperly packaged and were in poor condition. (Doc. No. 28-4 ¶ 7; Doc. No. 28-3, at 4–5.) Verity loaded and transported the property in the condition received. (Doc. No. 28-4 ¶¶ 7, 9.) Verity "did not alter, damage, or change" the condition of the property during transport. (Doc. No. 28-4 ¶ 9; *see* Doc. No. 28-3, at 5–7, 10.)

Verity delivered Castiglia's property in the same condition in which Verity had received it. (Doc. No. 28-3, at 4.) Upon delivery, Castiglia signed a delivery acknowledgment stating that his items were delivered in apparent good condition without noting any damages. (Doc. No. 28-3, at 8.) But based on the amended complaint, Castiglia later "found [his property] to be in disrepair, having sustained significant damage from the time the items were packed to the time they arrived in Ohio." (Doc. No. 17 ¶ 20.) After discovering the damage, Castiglia acknowledged, via text message and requests for admission, that any damage was caused by "[A]rrow" and not Verity. (Doc. No. 28-4 ¶ 13; Doc. No. 28-3, at 6, 9.)

Castiglia originally filed this action in state court against Verity, Arrow Express, and Arrow X Holdings LLC ("Arrow X"). (*See generally* Doc. No. 1-2 (State Court Filings).) The case was removed to federal court (*see generally* Doc. No. 1 (Notice of Removal)), and the Court allowed Castiglia to amend his complaint. (*See generally* Doc. No. 16 (Memorandum Opinion and Order Granting Leave to Amend).) As written, the amended complaint sets forth one claim under the

Carmack Amendment to the Interstate Transportation Act ("Carmack Amendment"), 49 U.S.C. § 14706, *et seq.*, against each defendant. (*See generally* Doc. No. 17.) The Court dismissed Arrow X for lack of personal jurisdiction. (*See generally* Doc. No. 25 (Memorandum Opinion and Order Granting Motion to Dismiss).)[1]

On January 26, 2026, Verity served requests for admission on Castiglia. (*See generally* Doc. No. 28-3 (Requests for Admission & Transmission Email).) As of May 18, 2026 (the date the present motion was filed), Castiglia has neither responded to those requests nor sought an extension to respond. (Doc. No. 28-2 ¶ 7.)

## II. LEGAL STANDARD

When a party files a motion for summary judgment, it must be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In reviewing a summary judgment motion, this Court must view the evidence in a light most favorable to the non-moving party to determine whether a genuine issue of material fact exists. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990), *impliedly overruled*

[1] Despite apparently being served (Doc. No. 1-2, at 9), Arrow Express never appeared in or participated in this case. And, despite his representations that he would do so, Castiglia's counsel has not "investigate[d] and advise[d] the Court as to whether Arrow Express should remain a party." (12/11/2025 Minutes of Proceedings [non-document].)

*on other grounds by Salve Regina Coll. v. Russell*, 499 U.S. 225, 111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991). A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. Thus, in most civil cases the Court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving party] is entitled to a verdict[.]" *Id.* at 252.

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." *Goins v. Clorox Co.*, 926 F.2d 559, 561 (6th Cir. 1991) (citation omitted). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. *Banks v. Wolfe Cnty. Bd. of Educ.*, 330 F.3d 888, 892 (6th Cir. 2003) (citation omitted); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (summary judgment is appropriate whenever the non-moving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888, 110 S. Ct. 3177, 111 L. Ed. 2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. *Bell v. Ohio State Univ.*, 351 F.3d 240, 247 (6th Cir. 2003) (citation omitted). Rule

56 further provides that "[t]he court need consider only" the materials cited in the parties' briefs. Fed. R. Civ. P. 56(c)(3); *see also Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479–80 (6th Cir. 1989) ("The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact." (citing *Frito-Lay, Inc. v. Willoughby*, 863 F.2d 1029, 1034 (D.C. Cir. 1988))).

## III. DISCUSSION

### A. Castiglia's Failure to Respond to the Requests for Admission and Motion

As a preliminary matter, the Court addresses the effect of Castiglia's failure to respond to Verity's requests for admission and the present motion. First, Castiglia's failure to respond to the requests for admission under Rule 36 (Doc. No. 28-2 ¶¶ 2–3, 5, 7) means that Castiglia admits each fact contained therein. Fed. R. Civ. P. 36(a)(3). Such admissions are conclusive on summary judgment. *See Goodson v. Brennan*, 688 F. App'x 372, 376 (6th Cir. 2017) (stating on summary judgment that "[p]laintiff admitted by failing to respond to [d]efendant's [requests for admission], and thus conclusively established [those facts contained in the requests for admission]"). Thus, in its analysis, the Court will take as conclusively established those facts contained in Verity's requests for admission. (*See generally* Doc. No. 28-3.)

Second, Castiglia's failure to respond to the present motion provides an independent basis for granting it. Failure to respond to a motion waives opposition thereto. *See, e.g.*, *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) (citations omitted). Further, "[f]ailure by a plaintiff to respond to a motion for summary judgment constitutes a forfeiture of the claims to which the motion is addressed." *Williams v. Cline*, No. 1:22-cv-1129, 2025 WL 1943004, at *3 (W.D. Mich. June 9, 2025) (citing *Notredan, L.L.C. v. Old Republic Exchange Facilitator Co.*,

531 Fed. App'x. 567, 569 (6th Cir. 2013)), *report and recommendation adopted*, 2025 WL 1940398 (W.D. Mich. July 15, 2025). In light of Castiglia's failure to respond, the Court could summarily grant Verity's motion. But, as will be discussed below (*see infra* § III(B)), the motion would be granted on its merits even if it were opposed.

### B. Verity's Entitlement to Judgment as a Matter of Law

Verity moves for summary judgment on the single claim against it under the Carmack Amendment. To establish a prima facie claim under the Carmack Amendment, a plaintiff must prove three elements: "delivery [to the carrier] in good condition, arrival [at the final destination] in damaged condition, and the amount of damages." *Missouri Pac. R. Co. v. Elmore & Stahl*, 377 U.S. 134, 138, 84 S. Ct. 1142, 12 L. Ed. 2d 194 (1964).[2] Verity argues, and this Court agrees, that Castiglia's "admissions in this matter establish that [he] cannot prove a prima fac[i]e case under the Carmack Amendment." (Doc. No. 28-1, at 14.)

First, Verity asserts there is no dispute as to the first element: whether Castiglia's property was in good condition when Verity received it. (Doc. No. 28-1, at 14–15.) Verity points to multiple pieces of evidence on this point, the most important being Castiglia's own Rule 36 admissions that his property was "not tendered to Verity . . . in good condition" and that the property was "already damaged" when Verity took possession. (Doc. No. 28-3, at 4–5.)[3] Castiglia cannot dispute these

---

[2] The Supreme Court in *Missouri Pac. R. Co.* discussed the Carmack Amendment as then codified at 49 U.S.C. § 20(11). *See Missouri Pac. R. Co.*, 377 U.S. at 137 n.5. The relevant provisions of the Carmack Amendment, concerning liability for motor carriers, have since moved to 49 U.S.C. § 14706. *See Smallwood v. Allied Van Lines, Inc.*, 660 F.3d 1115, 1118 n.1 (9th Cir. 2011) (discussing Carmack Amendment's recodification). Notwithstanding the move, the Carmack Amendment's elements remain the same as announced in *Missouri Pac. R. Co. See, e.g., Next F/X, Inc. v. DHL Aviation Americas, Inc.*, 429 F. Supp. 3d 350, 359 (E.D. Ky. 2019) (quoting *Missouri Pac. R. Co.* for elements of Carmack Amendment claim under 49 U.S.C. § 14706).

[3] Verity also cites a declaration from Verity's vice president stating that Arrow Express had incorrectly packaged Castiglia's property before Verity picked it up (Doc. No. 28-4 ¶ 7) and photographs showing significant damage to the property before Verity picked it up. (Doc. No. 28-5 (Exhibits to Maffucci Decl.), at 8–35.)

binding admissions. *See Goodson*, 688 F. App'x at 376. There is thus no genuine dispute as to the first element of the Carmack Amendment claim against Verity, and Verity is entitled to judgment as a matter of law. *See Hartford Fire Ins. Co. v. Expeditors Int'l of Washington, Inc.*, No. 10-cv-5643, 2012 WL 2861433, at *7 (S.D.N.Y. July 9, 2012) (granting summary judgment on Carmack Amendment claim where plaintiff failed to provide evidence that goods were delivered to carrier in good condition); *United Van Lines, LLC v. Marks*, 404 F. Supp. 2d 954, 959 (S.D. Tex. 2005) (same).

Verity argues that Castiglia's claim fails on the second element as well. (Doc. No. 28-1, at 15–16.) The second element of a Carmack Amendment claim requires that the property arrived in damaged condition, *Missouri Pac. R. Co.*, 377 U.S. at 138, or, in the language of the statute, that there be some "loss or injury to the property cause by" the carrier. 49 U.S.C. § 14706(a)(1). Verity points to multiple pieces of evidence showing that Verity did not cause any loss or injury to Castiglia's property. Most importantly, Castiglia admits under Rule 36 that his property arrived "in the same condition in which Verity . . . received [it]," that "Verity . . . did not cause or contribute to any of the damages [Castiglia] allege[s][,]" and that "Verity . . . did not alter, damage or otherwise change the condition" of Castiglia's property. (Doc. No. 28-3, at 4, 10.)[4] Again, Castiglia cannot dispute these binding admissions. *See Goodson*, 688 F. App'x at 376. There is thus no genuine dispute of fact as to the second element of Castiglia's Carmack Amendment claim against Verity, and Verity is entitled to judgment as a matter of law. *See Design X Mfg., Inc. v. ABF*

[4] Verity also points to an acknowledgment signed by Castiglia that "[a]ll items were delivered in apparent good condition" (Doc. No. 28-5, at 39), the declaration of its vice president stating, upon delivery of his property, Castiglia conducted a walkthrough of his property and signed a delivery release stating, "all boxes were accounted for and delivered in good condition" (Doc. No. 28-4 ¶ 11; *see also* Doc. No. 28-5, at 37 (Delivery Release signed by Castiglia)), and a text message from Castiglia stating "Verity had and has nothing to do with [the destruction of Castiglia's property] whatsoever. The liability is [A]rrow's entirely . . . ." (Doc. No. 25-5, at 41.)

*Freight Sys., Inc.*, 584 F. Supp. 2d 464, 469 (D. Conn. 2008) (granting summary judgment on Carmack Amendment claim where plaintiff provided "no evidence that [defendants] damaged the [property] in question").

Verity successfully establishes the absence of a genuine dispute of material fact as to at least two elements of Castiglia's single claim against it. Verity is entitled to summary judgment on this basis alone, and the Court need not and does not address Verity's remaining arguments in favor of summary judgment.

## IV. CONCLUSION

For the reasons stated above, Verity's motion for summary judgment (Doc. No. 28) is GRANTED. The Court further notes that Castiglia has not addressed Arrow Express Packing and Shipping LLC's involvement, or lack thereof, in this case. The Court directs plaintiff to show cause in writing, within seven (7) days from the date of this order, why the claim against Arrow Express Packing and Shipping LLC should not be dismissed for want of prosecution. The Court warns that failure to show cause in writing in the time period allotted may result in dismissal of the claim against Arrow Express Packing and Shipping LLC without further notice or opportunity to be heard.

**IT IS SO ORDERED**.

Dated: August 24, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**